

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building  (302) 573-6277
1007 Orange Street, Suite 700  FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

February 13, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

    Re:    United States v. Leerons Sabb, Jr.
            Criminal Action No. 06-130-JJF

Dear Judge Farnan:

      The defendant has agreed to change his plea pursuant to the enclosed Memorandum of Plea Agreement. The parties respectfully request that the Court schedule a Change of Plea hearing with counsel. An original, executed Memorandum will be submitted at the Change of Plea hearing.

                                               Respectfully submitted,

                                               COLM F. CONNOLLY
                                               United States Attorney

                         BY:         /s/
                                               Sophie E. Bryan
                                             Assistant United States Attorney

Enclosure

cc:    Christopher Koyste, Esq.
        Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06-130 (JJF) |
| LEERONS SABB, JR., | : |
| Defendant. | : |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Sophie E. Bryan, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Leerons Sabb, Jr., by and through his attorney, Christopher S. Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One and Count Two of the two-count Indictment returned against him. Count One of the Indictment charges the defendant with threatening to assault a federal employee in violation of 18 U.S.C. § 115(a)(1)(B), which statute carries a maximum sentence of a term of imprisonment of six years, a fine of $250,000, or both; three years of supervised release; and a $100 mandatory special assessment. Count Two of the Indictment charges the defendant with being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), which statutes carry a maximum sentence of a term of imprisonment of ten years, a fine of $250,000, or both; three years of supervised release; and a $100 mandatory special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the elements of the offenses charged in the Indictment as follows. With respect to Count One of the Indictment, the Government would have to prove that: (1) the defendant threatened to assault Tamera Maddox, an employee of the Social Security Administration whose killing would be a crime under 18 U.S.C. § 1114; (2) the defendant made this threat with the intent to impede, intimidate, or interfere with Ms. Maddox while she was engaged in the performance of official duties, or with the intent to retaliate against Ms. Maddox for the performance of official duties. With respect to Count Two of the Indictment, the Government would have to prove that: (1) the defendant has been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant possessed firearms and ammunition (to wit, a NEF .32 caliber revolver, serial number NB023362; a Flite King Deluxe 12-gauge shotgun, serial number 3146347; a Western Auto 20-gauge shotgun, serial number G002758; two boxes of Winchester SuperX shotgun shells; and ten rounds of .32 caliber ammunition); (3) the aforementioned firearms and ammunition were in or affected interstate commerce.

3. Provided that the Government does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the Government agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1(a). Further, if it is determined that the defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is level 16 or greater, the Government agrees to move for the reduction of the Offense Level by one additional level, pursuant to Sentencing Guideline Section 3E1.1(b), for a total reduction of three levels.

4. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence, and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

5. The defendant agrees to pay a $200 special assessment, which is comprised of a $100 special assessment for each of the two counts to which the defendant is pleading guilty, on the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

6. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

7. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever,

unless they comport with the subsequent written modification requirements of this paragraph.

                                                COLM F. CONNOLLY
                                                United States Attorney

_____        By:_____
Christopher S. Koyste, Esquire             Sophie E. Bryan
Attorney for Defendant                     Assistant United States Attorney


_____        Dated:
Leerons Sabb, Jr.
Defendant


       **AND NOW**, this _____ day of _____, 2007, the foregoing Memorandum of

Plea Agreement is hereby (accepted) (rejected) by this Court.


                                        _____
                                        Honorable Joseph J. Farnan, Jr.
                                        United States District Judge
                                        United States District Court
                                        District of Delaware